## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LARRY OVERTON ET AL.**                    **CIVIL ACTION**

**VERSUS**                                  **NO: 22-171**

**SOUTHERN FIDELITY INSURANCE CO.**          **SECTION: "H"**

### ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. Defendant Southern Fidelity Insurance Company has failed to adequately plead diversity jurisdiction in its Notice of Removal. Accordingly, Defendant shall amend its notice to correct this jurisdictional defect within 20 days of the entry of this Order.

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[1] Subject matter jurisdiction in this case is premised upon diversity of citizenship.[2] Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship.[3] "The concept of complete diversity requires

---

[1] Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) (citing Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004)).

[2] *See* 28 U.S.C. § 1332.

[3] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).

1

that all persons on one side of the controversy be citizens of different states than all persons on the other side."[4]

Defendant's Notice of Removal fails to allege the citizenship of Plaintiffs. The citizenship of an individual is the state in which he or she is domiciled.[5] Defendants have alleged only that Plaintiffs own property in Louisiana. Accordingly, Defendant has failed to properly allege Plaintiffs' citizenship.

Defendant's failure to properly allege citizenship is not fatal.[6]  28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." A district court's decision to permit amendment under § 1653 turns on the nature of the jurisdictional defect.[7] Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653."[8]  Thus, amendment should be allowed where "'diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist.'"[9] The record in this matter does not reveal, nor has any party argued, that diversity jurisdiction is not present. Accordingly, Defendant is granted leave to amend the Notice of Removal to allege "distinctly and affirmatively" the jurisdictional facts that give rise to diversity jurisdiction.

---

[4] McClaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

[5] MidCap Media Fin., L.L.C. v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019).

[6] *See* Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000) (citation omitted).

[7] *Id.* at 888.

[8] *Id.*

[9] Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) (quoting Leigh v. Nat'l Aeronautics & Space Admin., 860 F.2d 652, 653 (5th Cir. 1988)).

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant has failed to adequately allege diversity of citizenship. Defendant is granted leave to amend the Notice of Removal within 20 days from the entry of this Order.  Failure to file timely an amended notice will result in dismissal for lack of subject matter jurisdiction.

New Orleans, Louisiana this 27th day of January, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**